UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 3:12-cr-21-RLY-WGH-1 |
| DERRICK GIOVANNI MURRAY, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Defendant Derrick Giovanni Murray ("Murray") brings a Motion to Dismiss before the court, and the Government has responded thereto. For the reasons set forth below, the court **DENIES** Murray's motion.

**I.  Background**

Murray was charged by grand jury indictment on July 27, 2012 with three counts of transmitting threats in interstate commerce under 18 U.S.C. § 875(c). Count 1 charges that:

> On or about the 20th day of June 2012, in Vanderburgh County, within the Southern District of Indiana and elsewhere, the defendant DERRICK GIOVANNI MURRAY, knowingly did, transmit in interstate commerce between the State of Indiana and the State of California and elsewhere, an electronic communication to another, specifically a posting to the TOPIX website to the public, and the communication contained a threat to kidnap and injure another, specifically law enforcement officers, as follows:
>
> Lol at all da cops commenting. F#+k the police. You mfs need to b taught a lesson. always harassing n violating mfs rights. 4th of July a cops house gonna get hit. don't care

1

> about your kids or btchs lives. I dnt even care about my own life. I got my reasons..times ticking

All of which is in violation of Title 18, United States Code, Section 875(c).

Count 2 charges:

> On or about the 20th day of June 2012, in Vanderburgh County, within the Southern District of Indiana and elsewhere, the defendant DERRICK GIOVANNI MURRAY, knowingly did, transmit in interstate commerce between the State of Indiana and the State of California and elsewhere, an electronic communication to another, specifically a posting to the TOPIX website to the public, and the communication contained a threat to kidnap and injure another, specifically law enforcement officers, as follows:
>
> Cops be aware. Note: I am proud of my county, but I hate police of any kind..I have explosives. :) made in America. Evansville will feel my pain. guess who's in the river

All of which is in violation of Title 18, United States Code, Section 875(c).

Count 3 charges:

> On or about the 20th day of June 2012, in Vanderburgh County, within the Southern District of Indiana and elsewhere, the defendant DERRICK GIOVANNI MURRAY, knowingly did, transmit in interstate commerce between the State of Indiana and the State of California and elsewhere, an electronic communication to another, specifically a posting to the TOPIX website to the public, and the communication contained a threat to kidnap and injure another, specifically law enforcement officers, as follows:
>
> You think cops always win. until now. I got some new artillery I want to test on there thin a$$ vest

On September 24, 2012, Murray filed a motion to dismiss the indictment, arguing that (1) the facts stated in the indictment do not constitute an offense; and (2) prosecution for the offenses alleged in the indictment is in violation of the First Amendment.

## II. Discussion

### A. Indictment Valid on Its Face

"An indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) (citing Fed.R.Crim.P. 7(c)(1)). "An indictment is reviewed on its face, regardless of the strength or weakness of the government's case." *Id*. (citation omitted). As a result, "[f]acial sufficiency is not a high hurdle." *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996). To that end, "when determining the sufficiency of an indictment, [the court looks] at the contents of the subject indictment on a practical basis and in its entirety, rather than in a hypertechnical manner." *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002) (citation and internal quotations omitted). "One that 'tracks' the words of a statute to state the elements of the crime is generally acceptable, and while there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *White*, 610 F.3d at 958-59 (citing *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)).

Title 18 of the United States Code, section 875(c), provides:

> Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

In sum, the elements of this offense are: (1) the defendant transmitted a communication in interstate commerce; (2) the communication contained a threat to injure the person of another; and (3) the defendant did so knowingly. *United States v. Stewart*, 411 F.3d 825, 827-28 (7th Cir. 2005) (finding jury instructions properly reflected the elements of § 875(c)).

The indictment tracks the language of the statute and thus recites each element of the crime. It charges Murray with knowingly transmitting posts to the public TOPIX website which contained threats to injure law enforcement officers. Additionally, it provides the specific posts at issue, and therefore gives Murray notice of the specific conduct against which he will have to defend himself at trial. Accordingly, the court finds the indictment is legally sufficient.

### B. First Amendment Argument is Premature

Murray argues that the statements alleged "do not constitute true threats . . . and punishment of this type of pure speech violates the First Amendment to the Constitution." Murray's argument – upon which the court offers no opinion at this time -- is premature.

First Amendment protections are not absolute; "[s]peech integral to criminal conduct, such as fighting words, threats, and solicitations, remain categorically outside its protections." *White*, 610 F.3d at 960 (citation omitted). A threat constitutes unprotected speech when it is "a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *United States v. Parr*, 545 F.3d 491, 497 (7th Cir. 2008) (citation omitted). "Whether a statement constitutes a threat is a question for the trier of fact, and in conducting this inquiry, the trier draws inferences

4

from evidence about the speaker's background and the context of his speech in order to determine whether the speaker conveyed the impression that he was serious or joking." *United States v. Michael*, 2:12-cr-1, 2012 WL 4796629, at *2 (S.D. Ind. Oct. 9, 2012) (citing *Parr*, 545 F.3d at 497-98); *see also White*, 610 F.3d at 962 (finding whether posting on website deserved First Amendment protection was an issue for the jury to decide).

Because the question of whether the postings are "true threats" is for the trier of fact to determine after hearing evidence as to the background and context of the posts, it would be inappropriate for the court to decide the issue at this time. *See White*, 610 F.3d at 959 (finding potential First Amendment issue over posting on website "is addressed by the requirement of proof beyond reasonable doubt at trial, not by dismissal at the indictment stage"); *United States v. Musgrove*, 845 F. Supp. 2d 932, 939 (E.D. Wis. 2011) (noting the "Seventh Circuit has held that . . . determining whether a statement constitutes [a] true threat is [a] question which should be left to the trier of fact"). As previously noted, the "government has laid out the elements of the crime and the statute that [Murray] is accused of violating, along with some specific factual allegations for support, and that is all it is required to do" to avoid dismissal. *See White*, 610 F.3d at 962. Accordingly, the question of whether the postings are constitutionally protected speech under the First Amendment is premature.

## III. Conclusion

For the foregoing reasons, Murray's motion to dismiss (Docket # 27) is **DENIED**.

**SO ORDERED** this 14th day of November 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record